# IN THE COURT OF APPEALS OF IOWA

No. 17-0265
Filed May 17, 2017

**IN THE INTEREST OF D.Z.,**
**Minor Child,**

**A.Z., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Linn County, Barbara H. Liesveld, District Associate Judge.

A father appeals the termination of his parental rights to a child. **AFFIRMED**.

Michael M. Lindeman of Lindeman Law, Cedar Rapids, for appellant father.

Thomas J. Miller, Attorney General, and Ana Dixit, Assistant Attorney General, for appellee State.

Julie G. Trachta of Linn County Advocate, Inc., Cedar Rapids, guardian ad litem for minor child.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VAITHESWARAN, Judge.**

A father appeals the termination of his parental rights to a child, born in 2012. He contends the State failed to prove the two grounds for termination cited by the juvenile court. We may affirm if we find clear and convincing evidence to support either of the grounds. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).

Our de novo review reveals the following facts. The parents, characterized as "lower functioning" adults, have a lengthy history with the department of human services. D.Z. was removed from their care days after his birth based on concerns about the parents' ability to address his daily needs. In its 2012 removal order, the court noted "[t]he child was not being fed properly and as directed by hospital staff" and "was not getting changed regularly."

The child remained out of the parents' care through the balance of 2012 and into 2013. The juvenile court extended the time for reunification and authorized overnight visits with the child and, later, a trial home placement. The following year, the court ordered the child returned to the mother's custody. The court recognized the father was also living in the home.

In time, the department suspected that the father was domestically abusing the mother. The mother and child moved out of the home and the father was transitioned to supervised visits with the child.

According to the guardian ad litem, the father "struggle[d] to maintain his home in a clean and safe condition." The mother also reported "controlling and aggressive behavior" on the father's part and a violation of the visitation restrictions. It soon became clear that the mother facilitated violations of those restrictions.

The juvenile court ordered the child removed from the mother. Meanwhile, the mother married the father and resumed cohabitation with him. The court modified a dispositional order to have custody of the child transferred to the department for placement of the child in foster care.

At the time of the termination hearing, the father testified he exercised two weekly visits with "drop-in[s]" by the service provider. The service provider confirmed this testimony and opined that the father could manage up to eight hours of semi-supervised contact with the child. She expressed concern with the lack of improvement in the father's anger management skills, notwithstanding regular sessions with a therapist.

A department employee seconded this opinion. She noted that the father got "very frustrated with" the child when he cried or had tantrums, which did not bode well for permanent reunification.

On our de novo review, we conclude the child could not be returned to the father's custody. We recognize "that a parent's 'lower mental functioning alone is not sufficient grounds for termination.'" *In re A.M.*, 843 N.W.2d 100, 111 (Iowa 2014) (quoting *D.W.*, 791 N.W.2d at 708). But here there was much more. The department and the juvenile court authorized years of targeted services that failed to ameliorate health and safety conditions in the father's home or the father's violent tendencies. "[O]ur legislature has carefully constructed a time frame to provide a balance between the parent's efforts and the child's long-term best interests." *D.W.*, 791 N.W.2d at 707. The balance here tipped in favor of termination.

We affirm the juvenile court order terminating the father's parental rights to D.Z. under Iowa Code section 232.116(1)(f) (2016).

**AFFIRMED.**